# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

STEPHANIE WILLIAMS and )
CALTAUN HAMILTON, )
      Plaintiffs, )
     )
    v. )     CAUSE NO.: 2:17-CV-161-JPK
     )
JAMES H. KESSLER and )
L&L CARTAGE SERVICES, INC., )
      Defendants. )
     )
     )
L&L CARTAGE SERVICES, INC., )
      Counter Claimant, )
     )
    v. )
     )
STEPHANIE WILLIAMS, )
      Counter Defendant. )

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Default Judgment Against Plaintiff, Stephanie Williams [DE 28], filed by Defendant/Counter Claimant L&L Cartage Services, Inc. on April 10, 2019.

On April 11, 2017, Plaintiffs Stephanie Williams and Caltaun Hamilton by counsel filed a Complaint against Defendants L&L Cartage Services, Inc. and James H. Kessler. Plaintiff Stephanie Williams alleges a claim of negligence based on a vehicle collision on January 21, 2017, between the automobile that Plaintiff Stephanie Williams was driving and the tractor-trailer Defendant James H. Kessler was driving as an employee of Defendant L&L Cartage Services, Inc. Plaintiff Caltaun Hamilton alleges a claim of loss of consortium. Defendants filed an Answer on July 26, 2017. With leave of Court, on June 25, 2018, Defendants filed an Amended Answer to

allege a non-party defense against Four Corners Bar and Grill LLC, the Elbow Room, and Mr. B's Elbow Room.

On July 19, 2018, Counsel for Plaintiffs moved to withdraw his appearance in this case, and the Court granted the motion on July 20, 2018. On August 20, 2018, the Court held a telephonic status conference to inquire into Plaintiffs' intent to retain new counsel. Plaintiffs advised that they were seeking new counsel and requested an extension of the discovery deadline to September 10, 2018. The Court extended the discovery deadline to November 16, 2018. No attorney has entered an appearance on behalf of Plaintiffs. Thus, Plaintiffs Stephanie Williams and Caltaun Hamilton are now proceeding pro se.

On January 18, 2019, Defendants filed a motion for leave to file a second amended answer and Defendant L&L Cartage Services, Inc. sought leave to file a counterclaim against Plaintiff Stephanie Williams. The Court granted the unopposed motion. On February 8, 2019, Defendants filed a Second Amended Answer, and Defendant/Counter Claimant L&L Cartage Services, Inc. filed a Counterclaim against Plaintiff Stephanie Williams. In the Counterclaim, L&L Cartage Services, Inc. brings claims of negligence and negligence per se, alleging that Stephanie Williams was operating her vehicle under the influence of alcohol and in a drunken state at all times relevant to the January 21, 2017 vehicle collision with L&L Cartage Services, Inc.'s tractor-trailer driven by Defendant Kessler.

According to the Court's docket, Plaintiff Stephanie Williams has not responded to the Counterclaim. As a result, L&L Cartage Services, Inc. now asks the Court to enter default judgment on its Counterclaim.

"[T]here are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d

247, 255 (7th Cir. 2016). An entry of default under Federal Rule of Civil Procedure 55(a) establishes the defaulted party's liability on the defaulted claims. *See id.*; Fed. R. Civ. P. 55(a). An entry of default judgment under Federal Rule of Civil Procedure 55(b) establishes the opposing party's rights against the defaulted party. *VLM Food Trading*, 811 F.3d at 355; Fed. R. Civ. 55(b). "[E]ntry of default may be made by either the clerk of the judge." *Roberts v. MacAllister Mach. Co. Inc.*, No. 1:17-CV-2770, 2017 WL 5991852, at *2 (S.D. Ind. Dec. 1, 2017) (quoting *Virgin Records Am., Inc. v. Johnson*, 441 F. Supp. 2d 963, 965 (N.D. Ind. 2006)).

The effect of the entry of default under Rule 55(a) is that "[u]pon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *VLM Food Trading*, 811 F.3d at 255 (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Although Counter Claimant L&L Cartage Services, Inc. does not specifically move for an entry of default under Rule 55(a), the Court nevertheless construes the instant motion as asking for both an entry of default under Rule 55(a) as well as default judgment under Rule 55(b); L&L Cartage Services, Inc. cites Rule 55(a) in its motion and asserts facts to show that Stephanie Williams has not responded to the Counterclaim.

Federal Rule of Civil procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A party who moves for entry of default under Rule 55(a) "has the burden of showing that service of process was property effected consistent with Rule 4 of the Federal Rules of Civil Procedure." *Wold v. Robart*, No. 17-CV-252, 2018 WL 1135396, at *2 (E.D. Wis. Feb. 28, 2018) (quoting *Geraci v. Everhart*, Case No. 09-C-433, 2009 WL 3446193, at *2 (E.D. Wis., Oct. 23, 2009)). "If the moving party is unable to show proper service or that proper service was waived, the party should not be

granted entry of default." *Grand Chute Holdings, LLC v. Wild Truffle Artisan Pizzeria*, No. 17-C-665, 2017 WL 5991742, at *1 (E.D. Wis. Dec. 4, 2017) (quoting *Geraci*, 2009 WL 3446193, at *2); *see also Trade Well Int'l v. United Central Bank*, 825 F.3d 854, 859 (7th Cir. 2016) ("[A] judgment is void if it was rendered 'in a manner inconsistent with due process of law.'" (quoting *United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply*, 55 F.3d 1311, 1316 (7th Cir. 1995))).

In this case, Counter Claimant L&L Cartage Services, Inc. has the burden of showing that Counter Defendant Stephanie Williams was served with the Counterclaim under Federal Rule of Civil Procedure 5, not Rule 4. Federal Rule of Civil Procedure 5(a)(1)(B) provides that "a pleading filed *after* the original complaint" must be served on every party. Fed. R. Civ. P. 5(a)(1)(B) (emphasis added). Rule 5(b)(2) governs how service is made, which includes mailing the pleading to the person's last known address. Fed. R. Civ. P. 5(b)(2)(C).

In the instant motion, Counter Claimant L&L Cartage Services, Inc. does not offer an affidavit or otherwise show that Counter Defendant Stephanie Williams was served with the Counterclaim in this case. L&L Cartage Services, Inc. does not offer any facts regarding the service of the Counterclaim on Stephanie Williams.

Accordingly, the Court hereby **DENIES without prejudice** Defendant's Motion for Default Judgment Against Plaintiff, Stephanie Williams [DE 28]. Counter Claimant L&L Cartage Services, Inc. is granted leave to refile a Rule 55(a) motion for entry of default, making the necessary showing of service of the Counterclaim on Stephanie Williams. If an entry of default is entered, Counter Claimant L&L Cartage Services may file, if appropriate, a Rule 55(b) motion for default judgment.

In light of this motion and Defendants' Motion to Dismiss for Failure to Prosecute, also filed on April 10, 2019, the Court hereby **VACATES** the May 2, 2019 status conference.

So ORDERED this 19th day of April, 2019.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT

cc:    Pro se Plaintiff/Counter Defendant Stephanie Williams
Pro se Plaintiff Caltaun Hamilton