# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| STEPHANIE WILLIAMS and CALTAUN HAMILTON,<br>　　　　Plaintiffs,<br><br>　　　v.<br><br>JAMES H. KESSLER and L&L CARTAGE SERVICES, INC.,<br>　　　　Defendants.<br><br>L&L CARTAGE SERVICES, INC.,<br>　　　　Counter Claimant,<br><br>　　　v.<br><br>STEPHANIE WILLIAMS,<br>　　　　Counterclaim Defendant. | CAUSE NO.: 2:17-CV-161-JPK |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Plaintiffs Stephanie Williams and Caltaun Hamilton invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing their Complaint in federal court. As the parties seeking federal jurisdiction, Plaintiffs have the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

For the Court to have diversity jurisdiction, Plaintiffs and Defendants, James H. Kessler and L&L Cartage Services, Inc., must be citizens of different states, and the amount in controversy must be more than $75,000. Plaintiffs have alleged a sufficient amount in controversy. Plaintiffs have also sufficiently alleged the citizenship of L&L Cartage Services, Inc. However, the allegations are insufficient as to the citizenship of Plaintiffs and Kessler.

The Complaint alleges that Plaintiffs are "residents" of Indiana, and that Kessler is a "resident" of Illinois. These allegations are insufficient for the purpose of determining citizenship. Diversity jurisdiction "is determined by citizenship of a state, not allegations of residency in a state." *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 835 (S.D. Ill. 2006). "The citizenship of a natural person for diversity purposes is determined of course by the person's domicile . . , which means the state where the person is physically present with an intent to remain there indefinitely." *Id.*

Given the importance of determining the Court's jurisdiction to hear this case, Plaintiffs must sufficiently allege the citizenship of Plaintiffs and Kessler as outlined above. Specifically, Plaintiffs must allege the state(s) of citizenship for themselves and for Kessler. If Plaintiffs fail to properly allege the citizenships of themselves and Kessler, the Court must dismiss their Complaint for want of jurisdiction. *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992).

Therefore, the Court **ORDERS** Plaintiffs to **FILE**, on or before **July 3, 2019**, a supplemental jurisdictional statement that properly alleges the citizenship of Plaintiffs and Defendant James H. Kessler as stated above. As Defendant/Counter Claimant L&L Cartage Services, Inc.'s Counterclaim [DE 24] contains the same deficient allegation as to the citizenship

of Williams, L&L Cartage Services, Inc. may also file a supplemental jurisdictional statement properly alleging Williams's citizenship within that same time.[1]

So ORDERED this 19th day of June, 2019.

s/ Joshua P. Kolar<br>
MAGISTRATE JUDGE JOSHUA P. KOLAR<br>
UNITED STATES DISTRICT COURT

---

[1] Should Plaintiffs fail to timely file a supplemental jurisdictional statement and should L&L Cartage Services, Inc. choose not to file its own supplemental jurisdictional statement by Plaintiffs' deadline, L&L Cartage Services will subsequently be ordered to file a supplemental jurisdictional statement properly alleging Williams's citizenship so that the Court may determine whether it has jurisdiction over the Counterclaim.