UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STEPHANIE WILLIAMS and <br> CALTAUN HAMILTON, <br>     Plaintiffs, <br><br> v. <br><br> JAMES H. KESSLER and <br> L&L CARTAGE SERVICES, INC., <br>     Defendants. <br><br> L&L CARTAGE SERVICES, INC., <br>     Counter Claimant, <br><br> v. <br><br> STEPHANIE WILLIAMS, <br>     Counterclaim Defendant. | CAUSE NO.: 2:17-CV-161-JPK |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). The Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Plaintiff/Counterclaim Defendant Stephanie Williams and Plaintiff Caltaun Hamilton ("Plaintiffs") invoked this Court's subject matter jurisdiction via diversity jurisdiction by filing their Complaint in federal court. As the parties seeking federal jurisdiction, Plaintiffs had the burden of establishing that subject matter jurisdiction existed over their claims. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). Having found that the Complaint did not adequately allege Plaintiffs' citizenship for the purpose of establishing diversity

jurisdiction, the Court ordered Plaintiffs to file, on or before July 3, 2019, a supplemental jurisdictional statement. (Op. & Order, ECF No. 36). Plaintiffs failed to file a supplemental jurisdictional statement by that date, and have thus failed to establish that subject matter jurisdiction exists over their claim.

On February 8, 2019, Defendant/Counter Claimant L&L Cartage Services, Inc. filed a Counterclaim against Plaintiff/Counterclaim Defendant Stephanie Williams. Defendant/Counter Claimant asserts that because the Court has exercised jurisdiction over the case, and because the Counterclaim arises out of the same accident underlying the Complaint, the Court also has jurisdiction over the Counterclaim. (Second Am. Answer & Countercl. ¶¶ 25-26, ECF No. 24). Because the Court has determined that Plaintiffs failed to establish that subject matter jurisdiction exists over their claim, Defendant/Counter Claimant cannot rely on this contention.

By filing its Counterclaim in federal court, Defendant/Counter Claimant invoked this Court's subject matter jurisdiction via diversity jurisdiction. The burden now falls to Defendant/Counter Claimant to establish that subject matter jurisdiction exists over its Counterclaim. *Smart*, 562 F.3d at 802-03. For the Court to have diversity jurisdiction, Defendant/Counter Claimant and Plaintiff/Counterclaim Defendant must be citizens of different states, and the amount in controversy must be more than $75,000. Defendant/Counter Claimant has alleged a sufficient amount in controversy. Defendant/Counter Claimant has also sufficiently alleged its own citizenship. However, the allegations are insufficient as to the citizenship of Plaintiff/Counterclaim Defendant.

The Counterclaim alleges that Plaintiff/Counterclaim Defendant is a "resident" of Indiana. This allegation is insufficient for the purpose of determining citizenship. Diversity jurisdiction "is determined by citizenship of a state, not allegations of residency in a state." *Lyerla v. Amco Ins.*

*Co.*, 461 F. Supp. 2d 834, 835 (S.D. Ill. 2006). "The citizenship of a natural person for diversity purposes is determined of course by the person's domicile . . . , which means the state where the person is physically present with an intent to remain there indefinitely." *Id.*

Given the importance of determining the Court's jurisdiction to hear this case, Defendant/Counter Claimant must sufficiently allege the citizenship of Plaintiff/Counterclaim Defendant as outlined above. Specifically, Defendant/Counter Claimant must allege the state of citizenship for Plaintiff/Counterclaim Defendant. If Defendant/Counter Claimant fails to properly allege the citizenship of Plaintiff/Counterclaim Defendant, the Court must dismiss the Counterclaim for want of jurisdiction. *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992).

Therefore, the Court **ORDERS** Defendant/Counter Claimant L&L Cartage Services, Inc. to **FILE**, on or before **July 25, 2019**, a supplemental jurisdictional statement that properly alleges the citizenship of Plaintiff/Counterclaim Defendant Stephanie Williams as stated above.

So ORDERED this 11th day of July, 2019.

    s/ Joshua P. Kolar
    MAGISTRATE JUDGE JOSHUA P. KOLAR
    UNITED STATES DISTRICT COURT